QUESTIONS: 1. May a civil service system be created pursuant to Art. III, s. 14, State Const., which system is limited to the employees of the office of the Sheriff of Palm Beach County? 2. If such a limited civil service system can be established, could it cover deputy sheriffs, as well as all other employees, in view of the 1954 Florida Supreme Court decision in Blackburn v. Brorein,70 So.2d 293? 3. If the answer to question 1 is in the affirmative, could such a limited civil service system be established by county ordinance or would it be better to establish same by a special act of the Legislature?
SUMMARY: There appears to be authority for the creation of a civil service system limited to the employees of the office of the Sheriff of Palm Beach County, but such a system may not include deputy sheriffs. It is suggested that such a system be created by legislative act rather than by county ordinance. AS TO QUESTION 1: Article III, s. 14, State Const., provides in pertinent part that: By law . . . there may be created civil service systems and boards for county . . . employees and for such offices thereof as are not elected or appointed by the governor, and there may be authorized such boards as are necessary to prescribe the qualifications, method of selection and tenure of such employees and officers. Also, it is clear from the proviso of s. 30.53, F.S., that the employees of the office of a sheriff may be included in a civil service system created pursuant to the authority granted by Art. III, s. 14, supra. Further, I am aware of no provision of law which would prohibit the establishment of a civil service system which only included the employees of the office of a sheriff. And, assuming that such a limited civil service system may be sustained as against an attack on equal protection or due process grounds, your first question is answered in the affirmative. AS TO QUESTION 2: As you are aware, it was held in Blackburn v. Brorein,70 So.2d 293 (Fla. 1954), and in Sweat v. Akin, 70 So.2d 514 (Fla. 1954), that deputy sheriffs could not be included in a civil service system and in those cases civil service acts which included deputy sheriffs as employees within the classified service provisions of such acts were found to be unconstitutional and void. However, in Blackburn the court noted at page 299: By holding that the Act is unconstitutional as it relates to sheriffs and deputy sheriffs, we do not mean to hold that it is unconstitutional as to all employees. There may be such persons employed by the sheriff as typists, stenographers, bookkeepers, cooks for the jail, janitors, or others who are not deputy sheriffs . . . . Our opinion is limited to the questions of deputy sheriffs and sheriffs. I have found no case since Blackburn and Sweat holding to the contrary. Therefore, I am of the view that, although civil service systems may be created for employees of a sheriff's office, such a system may not include deputy sheriffs. Question 2 is answered accordingly. AS TO QUESTION 3: Under s. 125.01(1)(u), F.S., the legislative and governing body of a county has the power to "[c]reate civil service systems and boards"; and such systems and boards may, of course, also be created by the Legislature. However, s. 30.53, supra, expressly preserves to the constitutional office of sheriff the right independently to purchase equipment and supplies, select his personnel, and set the salaries of such personnel; and the proviso, referred to above, that "nothing herein contained shall restrict the establishment or operation of any civil service system or civil service board created pursuant to s. 14, Art. III, of the constitution of Florida" must be read in the light of this expression of legislative intent. Thus, until such time as this question should be legislatively or judicially clarified, it is suggested that a civil service system applicable solely to the employees of the constitutional office of sheriff should not be adopted by county ordinance — which, under Art. VIII, s. 1, State Const., may not be inconsistent with general or special law, as to a noncharter county — but should be established by legislative act.